**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Omar Alfredo Diaz-Moreno,<br><br>           Defendant. | No. CR-17-01194-001-PHX-DJH<br><br>**ORDER** |

Pending before the Court is the Defendant's *Pro Se* Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 28). The Government has filed a Response in opposition. (Doc 32). For the reasons stated herein, the Court denies the Defendant's Motion.

**I.    Background**

The Defendant was indicted by a grand jury on one count of possession of methamphetamine with intent to distribute, in violation of Title 21 U.S.C. §§ 841 (a) and (b)(1)(B) (Doc. 1). The Defendant pleaded guilty to a lesser included offense of Count One of the Indictment, Possession with Intent to Distribute Methamphetamine. (Doc. 17). The Court accepted the parties plea agreement and sentenced the Defendant to 52 months in custody followed by three-years on supervised release. (Doc. 23). The sentence was ordered to run concurrently with the sentenced imposed in the Defendant's case CR-17-01212-PHX-JAT. (*Id.*) In that case, the Defendant was sentenced to eight-months in custody followed by thirty-six months on supervised release for a violation of Title 8

U.S.C. § 1326(a), Reentry of a Removed Alien.  (*See* Doc. 23 in CR-17-01212-PHX-JAT). The Defendant began serving his sentence on April 16, 2018 and his projected release date is December 21, 2021.  He is currently being housed in Federal Correctional Institution ("FCI") Victorville, California in a Medium II housing unit.[1]

The Defendant is "basing his motion on the growing COVID-19 Pandemic and its outbreaks in the Federal Bureau of Prisons and detention facilities such as Reeves County Detention Center." (Doc. 28 at 2).

**Legal Standards**

a. Exhaustion of Administrative Remedies

Generally, a district court "may not modify a term of imprisonment once it has been imposed" unless the Congressionally mandated exception is present.  18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010).  That exception is present when either the motion to modify sentence is brought by the Bureau of Prisons ("BOP") "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 n.2 (2016)).  Thus, the Court may not consider a defendant's motion without proof that he meets this exhaustion requirement.

The Defendant filed a compassionate release request with the BOP Warden on January, 8, 2021 citing "all the risks related to COVID-19." (Doc. 28 at 11).  The Warden denied his request on February 10, 2021.  (*Id.*)  The Warden concluded that the Defendant is ineligible for his requested relief for several reasons including that 1) the Defendant "[has] an active ICE Detainer and a Public Safety Factor of Alien": 2) he is ineligible for the provisions of the First Step Act and 3) he is "Release Preparation Ineligible." (*Id*. at 9). The Court finds that the Defendant has exhausted his administrative remedies.

---

[1] *See* https://www.bop.gov/locations/institutions/vvm/

b. Extraordinary and Compelling Reasons

Once a defendant has exhausted his administrative remedies, he may bring a motion to the district court that extraordinary and compelling reasons nonetheless warrant his release. To determine what an extraordinary and compelling reason is, the First Step Act refers to 1B1.13 n.1 of the sentencing commission's policy statement. But, as the Ninth Circuit recently observed, since the First Step Act became law, the U.S. Sentencing Commission has not updated the 1B1.13 policy statement. Thus, the Court may, as it has previously done, considers the aforementioned policy statement, among other factors. Section 1B1.13 suggests considerations of 1) a defendant's serious advanced illness or medical condition; 2) whether the defendant is at least 65 and experiencing physical or mental health problems due to his/her advanced age, and the length of time incarcerated; 3) specific family circumstances; and 4) other reasons as determined appropriate by the Director of the BOP. *See* U.S.S.G. § 1B1.13 cmt. 1(A)-(B). However, courts may independently determine whether such other reasons are present on a case-by-case basis and without deference to the BOP. *See United States v. Carter* 2020 WL 3458598, at *4 n.3, n.4 (D. Ariz. June 25, 2020) (citations omitted).

Here, the Defendant asserts that his "health conditions in combination" makes him vulnerable if he were to contract COVID-19. Yet, he does not state, anywhere in his Motion, what those health "conditions" are. Therefore, the Court cannot make a finding that his current health status presents extraordinary and compelling reasons to warrant his release. Furthermore, the Defendant discusses at length the pandemic as it relates to general conditions of confinement within the prison systems and detention facilities, nationally. However, many courts have not considered the fact of COVID-19, itself, to be an extraordinary circumstance warranting compassionate release. *See United States v. Acosta*, 2021 WL 1790773 *3 (D.Ariz. May. 5 2021) citing *United States v. Raia*, 954 F.3d 594 at 597 (9th Cir 2020). Thus, general concerns about the spread of COVID-19 and the "possibility" of exposure are insufficient to meet the extraordinary and compelling reasons to reduce a sentence.

Though the Defendant's concerns are heart felt, the Court also notes, and the government also points out, the BOP has released thousands of vulnerable inmates under the CARES Act, and it has modified operations, including restrictions in visitation, to safeguard against the spread of COVID-19.  (Doc. 32 at 3-4) *see also Raia*, 954 F.3d at 597 ("[t]he mere existence of COVID1-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the spread).  Indeed, currently, FCI Victorville Medium II, where the Defendant is housed, has one inmate and one staff with active COVID-19.[2]  Consequently, the Defendant has not met his burden to show extraordinary and compelling reasons to reduce his sentence.

c. Sentencing Factors

Although the Defendant has not provided extraordinary and compelling reasons warranting his release, the Court will nonetheless consider the §3553(a) factors.  Each of these factors were considered by the Court at time of sentencing.  First, as noted, the Defendant faced two simultaneous but separate criminal prosecutions.  His drug conviction consisted of methamphetamine, cellular telephones and miscellaneous firearm ammunition, cocaine and drug paraphernalia located in his home.   (Doc. 19).[3] Furthermore, the Defendant does not have legal status in the United States, and he had been previously removed on four known occasions. (*Id*.)  While in the United States, he amassed convictions for human smuggling, Illegal Entry, and Illegal Reentry.  (*Id*). He amassed these convictions prior to his arrest and conviction for methamphetamine possession. In that case,. (*Id*.)  He has multiple alias names and identification, and is an admitted cocaine user. (*Id*).  The Court finds that the Defendant was not deterred from his prior convictions

/ / / /

/ / / /

/ / / /

/ / / /

---

[2] https://www.bop.gov/coronavirus/ last visited on June 10. 2021.
[3] Doc. 19 refers to the Defendant's Presentence Investigation Report.

in the United States, therefore, he is a danger to the community, and he is presently a flight risk should he be released.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for A Sentence Reduction (Doc. 28).

Dated this 10th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge